IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

RAYMOND RICHARDSON,

    Plaintiff,

v.                           Civil Action No. 3:15cv478

THE SCHOOL BOARD OF THE
CITY OF RICHMOND,

    Defendant.

**MEMORANDUM OPINION**

This matter is before the Court on PLAINTIFF'S MOTION TO REMAND (Docket No. 4) and the defendant's RULE 37 MOTION TO COMPEL (Docket No. 6). For the reasons set forth below, PLAINTIFF'S MOTION TO REMAND will be granted in part and denied in part and the defendant's RULE 37 MOTION TO COMPEL will be denied as moot.

**BACKGROUND**

On April 17, 2014, Raymond Richardson ("Richardson") filed a complaint in the Circuit Court of the City of Richmond against the School Board of the City of Richmond (the "School Board"). The Complaint alleged two counts.

Count I asserted a violation of due process and Count II asserted a common law breach of contract claim. Docket No. 5-1. In Count I, Richardson, a former teacher within the Richmond school system, alleged that the School Board denied him due

process by failing to give proper notice of a proceeding against him. Docket No. 5-1 at 2-3. However, Count I of the Complaint is slightly unclear because it alleged violations of state grievance procedures in addition to violations of federal law. Specifically, in the Complaint, Richardson invoked Richmond Public Schools Bylaws and Virginia statutes regulating the discipline and termination procedures for public school teachers. See Id. at 1-6. In Count I of the Complaint, Richardson alleged a "Violation of Due Process," and he invokes federal law three times. He alleged a "denial of due process of law guaranteed by the Constitutions of the United States and the Commonwealth," in paragraphs 15 and 21. Id. at 4-5. Richardson also requested attorney's fees as provided for under 43 U.S.C. § 1983. Id. at 6.

The School Board filed an Answer on May 12, 2014. Docket No. 5-3. On May 28, 2015, the School Board propounded interrogatories, requests for production, and began asking Plaintiff's counsel to make Richardson available for deposition. Docket No. 7 at 1.[1] Richardson has yet to respond to the discovery requests.

On June 15, 2015, two months before the trial was scheduled to begin, the School Board filed a Motion for Summary Judgment

---

[1] The record is unclear as to the extent of discovery, if any, in the year between the date on which the School Board filed its answer and the date on which it propounded discovery requests.

2

and a Motion in Limine. Docket No. 5-4. After a hearing on the motions, the Circuit Court for the City of Richmond granted summary judgment on the breach of contract claim and ordered Richardson to file an amended complaint "to more thoroughly plead" the violation of due process claim. Docket No. 5-5 at 1.

Richardson filed the Amended Complaint on August 3, 2015, Docket No. 5-6, in which he split the original violation of due process claim into two counts. In the Amended Complaint, Count I alleges a "Violation of Due Process" and Count II alleges a violation of 42 U.S.C. § 1983. Docket No. 5-6.

The School Board filed a Notice of Removal on August 13, 2015. Docket No. 1. Richardson timely filed a Motion to Remand and supporting memorandum. The School Board subsequently filed a memorandum in opposition to the Motion to Remand a Motion to Compel and supporting memorandum.

**DISCUSSION**

1. **Plaintiff's Motion to Remand**

    A. **Standard of Review**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28

U.S.C. § 1441. A federal district court has original subject matter jurisdiction over a case where the matter involves a federal question arising "under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331; see also Pinkley, Inc. v. City of Frederick, Md., 191 F.3d 394, 399 (4th Cir.1999) ("Federal courts are courts of limited subject matter jurisdiction, and as such there is no presumption that the court has jurisdiction.").

Once a case has been removed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" back to the state court where it originated. 28 U.S.C. § 1447(c). Because removal jurisdiction raises federalism concerns, the removal statutes must be strictly construed. Mulcahey v. Columbia Organic Chem. Co., 29 F.3d 148, 151 (4th Cir.1994). If federal jurisdiction is doubtful, remand to state court is required. Id. The court may require the removing party to pay costs and expenses, including attorney fees, incurred due to the removal. 28 U.S.C. § 1447(c).

2. **Analysis**

The School Board had thirty days after having been served with the Complaint to remove the case to federal court. 28 U.S.C. § 1446(b)(1). However, the statute provides an exception when a complaint does not state a claim that is removable:

4

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3). The issue presented by Richardson's remand motion is whether the Complaint clearly stated a federal question so as to trigger the thirty day removal time limit. See Lovern v. General Motors Corp., 121 F.3d 160, 162 (4th Cir. 1997) ("only where an initial pleading reveals a ground for removal will the defendant be bound to file a notice of removal within 30 days").

Whether the Complaint clearly alleged a federal claim is determined by applying the well-pleaded complaint rule. Childers v. Chesapeake & Tel. Co., 881 F.2d 1259, 1261 (4th. Cir. 1989). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). The grounds must "be apparent within the four corners of the initial pleading or subsequent paper" for the removing party to be put on sufficient notice for removal. Lovern v. Gen'l Motors Corp., 121 F.3d at 162; Chaudhary v. Stevens, 2005 WL 1923231 *2 (E.D. Va. 2005). Here, the initial

5

complaint pleaded a federal claim sufficient to give the School Board notice that the case was removable.

The School Board argues that, for dismissals of teachers, violations of state law grievance procedures "does not, by itself, constitute a failure to provide adequate due process under the standards of the federal Constitution" and "the fourteenth amendment does not require a local school board to adhere to its own guidelines." Echtenkamp v. Loudoun Cty. Pub. Sch., 263 F. Supp. 2d 1043, 1055 (E.D. Va. 2003); Docket No. 8 at 6. That argument is irrelevant here because, in the Complaint, Richardson alleged a violation of due process in addition to violations of state law grievance procedures.

To state a federal due process claim, Richardson needed to allege a deprivation of minimal due process—adequate notice, a specification of the charges against him, an opportunity to confront the witnesses against him, or an opportunity to be heard in his own defense. See Goodrich v. Newport News School Bd., 743 F.2d 225, 227 (4th Cir. 1984) (quoting Grimes v. Nottoway Cty. School Bd., 462 F.2d 650, 653 (4th. Cir. 1972). The School Board argues that, in the Complaint, Richardson did not plead the essential elements necessary to a deprivation of minimal due process claim. See Docket No. 8 at 6. Contrary to the School Board's argument, the Complaint does allege that the School Board failed to give notice to Richardson of the scope of

6

the hearing. See Docket No. 5-1 at 4-5. Failure to notify a teacher of the specific charges against them are two essential elements of a federal due process claim, therefore, Richardson did allege a deprivation of minimal due process.

The Court considered this issue in Chaudhary v. Stevens. 2005 WL 1923231 (E.D. Va. 2005). In Chaudhary, the defendant removed the case after the plaintiff filed a First Amended Motion for Judgment. In the amended motion, the plaintiff first mentioned 42 U.S.C. § 1983. While the initial complaint alleged that the defendant violated the plaintiff's "federally protected freedom of speech," the Court found that the initial complaint did not adequately raise a federal question and the defendant was not on notice that the case was removable until the plaintiff filed the First Amended Motion for Judgment. Id.

Here, unlike Chaudhary, the Complaint clearly states in the heading that Count I is for a violation of due process. See Docket No. 5-1 at 1. Further, Richardson invoked the federal Constitution twice and requested attorney's fees pursuant to 42 U.S.C. § 1983. Id. at 4-6. Thus, by virtue of the allegations of the Complaint, the School Board was on notice that Richardson was attempting to plead a federal claim. Finally, Richardson pleaded that the School Board denied Richardson adequate notice regarding the dismissal hearing, an essential element in a federal due process claim. See Id. at 4-5.

The School Board lost the right to remove the case thirty days after having been served with the Complaint. Thus, its effort to remove after the Amended Complaint was filed must fail. Accordingly, the MOTION TO REMAND (Docket No. 4) will be granted and the case will be remanded to the Circuit Court of the City of Richmond.

### 3. Attorney's Fees

Richardson argues that the Court should order the School Board to pay costs and attorney's fees. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court has held that courts should award costs and attorney's fees incurred when the removing party "lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). The purpose of the cost shifting language in § 1447(c) is to deter improper use of removal, including increasing costs, prolonging litigation and attempting appeal after losing a motion in state court, but ultimately, the district court has discretion in whether to award costs and attorney's fees or not. Id. at 139, 140-41.

Richardson contends that the School Board lacked an objectively reasonable basis for seeking removal because the Complaint "clearly raised federal claims." Docket No. 5 at 8.

However, even though there was a federal claim within the four corners of the Complaint that was sufficient to put the School Board on notice that the case was removable, the claim was muddled among allegations of violations of state grievance procedures. See Docket No. 5-1 at 1-3. Further, the violation of due process claim was so confusing that the state court ordered Richardson to "more thoroughly plead" the claim. Docket No. 5-5 at 1. On this record, it cannot be said that the School Board lacked an objectively reasonable basis for removing the case when it did.

It also is Richardson's theory that the School Board removed the case simply to re-litigate in federal court the Motion for Summary Judgment that had been denied in state court. Docket No. 5 at 6-8. However, the School Board removed to federal court shortly after Richardson filed the Amended Complaint, which was ordered by the Circuit Court of the City of Richmond when, in its view, the statutory exception first allowed removal. Nor has the School Board filed a motion for summary judgment here. Accordingly, there is no indication that the School Board is simply trying to obtain a different result than it received in state court.

For the foregoing reasons, Richardson's request for costs and attorney's fees will be denied.

B. **Defendant's Rule 37 Motion to Compel**

Having granted the MOTION TO REMAND (Docket No. 4), the defendant's RULE 37 MOTION TO COMPEL (Docket No. 6) will be denied as moot.

## CONCLUSION

For the reasons set forth above, the MOTION TO REMAND will be granted to the extent that it seeks remand but denied to the extent that it seeks attorney's fees and costs. The RULE 37 MOTION TO COMPEL (Docket No. 6) will be denied as moot.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: January 15, 2016